UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARCAUREL A. PIERRE,
    Plaintiff,

vs.                                        Case No.: 3:23cv12771/MCR/ZCB

NURSE HATTAWAY, et al.,
    Defendants.
_____/

# REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Currently before the Court is a motion to dismiss filed by Defendant Hattaway. (Docs. 31). Plaintiff has not opposed the motion. For the reasons below, Defendant's motion should be granted.

## I.    Summary of Plaintiff's Factual Allegations[1]

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC). He alleges that on April 19, 2022, he was transferred to Okaloosa Correctional Institution and processed into the institution.

---

[1] At this stage in the proceeding, the Court assumes the truth of Plaintiff's allegations.

1

(Doc. 7 at 5). During that process, he was allegedly sexually assaulted and subjected to excessive force by Sergeant Greger, Captain Settlemires, and other officers. (*Id*. at 5, 7-10).[2] Plaintiff was then seen by Defendant Nurse Hattaway. (*Id*. at 8). Plaintiff told Defendant Hattaway that he had been sexually harassed and slammed to the ground, punched, kicked and pepper sprayed. (*Id*.). He also reported that he suffered a torn muscle in his left leg, blurred vision, pain in his head, and swelling and injury to his left thumb and forefinger. (*Id*.). Plaintiff alleges Defendant Hattaway refused to treat his injuries. (*Id*.).

Plaintiff claims that Defendant Hattaway's refusal to treat his injuries violated the Eighth Amendment. (*Id*. at 9). He seeks compensatory and punitive damages. (*Id*. at 10).

---

[2] The Court has separately recommended dismissing Plaintiff's claims against Defendants Greger and Settlemires. (Doc. 44).

2

## II. Discussion

Defendant Hattaway seeks dismissal because Plaintiff failed to exhaust his administrative remedies.[3] Under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner must exhaust administrative remedies before bringing an action in federal court. *Porter v. Nussle*, 534 U.S. 516, 520 (2002). The exhaustion requirement is intended to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (cleaned up). "The exhaustion requirement applies to all inmate suits about prison life[.]" *Tilus v. Kelly*, 510 F. App'x 864, 866 (11th Cir. 2013). A court cannot waive the PLRA's exhaustion requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998). "The failure to exhaust administrative remedies requires dismissal of the action." *Wright v. Georgia Dep't of Corr.*, 820 F. App'x 841, 843 (11th Cir. 2020).

---

[3] Although Defendant Hattaway also seeks dismissal on another ground, it is unnecessary to address that argument because dismissal is warranted based on failure to exhaust.

To exhaust, a prisoner must complete the administrative process using the prison's grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007). And the prisoner must properly exhaust by complying with all of the administrative system's critical procedural rules. *Woodford*, 548 U.S. at 93, 95 (emphasis added); *Jones*, 549 U.S. at 218 (explaining that it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion).

The FDOC has promulgated a three-step grievance procedure: (1) the inmate files an informal grievance within twenty days of the incident; (2) if the grievance is not resolved informally, then the inmate files a formal grievance at the institutional level within fifteen days from the date the informal grievance was responded to; and (3) if the inmate is unhappy with the formal grievance response, then the inmate appeals to the FDOC Secretary/Central Office within fifteen days of the response to the formal grievance. Fla. Admin. Code Ann. r. 33-103.005-007, 011 (2018). Certain types of grievances, for example medical grievances, may bypass the informal grievance stage and begin at the formal grievance stage. *Id.*, rr. 33-103.005(1), 33-103.006(3)(e).

The Eleventh Circuit has adopted a two-step framework for deciding whether to dismiss for lack of exhaustion. *Turner v. Burnside*, 541 F.3d 1077, 1082-83 (11th Cir. 2008). Under the first step, the Court must "look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true." *Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015). If the facts as stated by the prisoner show a failure to exhaust, then the case should be dismissed at step one. *Id*.

Where dismissal is not warranted on the prisoner's view of the facts, it is necessary to proceed to step two. *Id*. There, "the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust." *Id*. "To make these specific findings, courts should . . . look outside [of] the pleadings[,]" ensuring the parties have had sufficient opportunity to develop the record. *Jenkins v. Sloan*, 826 F. App'x 833, 838 (11th Cir. 2020). A court may rely on the papers submitted by the parties and need not hold an evidentiary hearing if neither party has requested one. *See Zavala v. Ward*, No. 21-10989, 2024 WL 510011, at *4 (11th Cir. Feb. 9,

2024) ("Because [the plaintiff] never moved for an evidentiary hearing, the district court was free to make its factual determinations based on the papers submitted . . . ."). Because lack of exhaustion is an affirmative defense, it is the defendant's burden to show a failure to exhaust. *Turner*, 541 F.3d at 1082.

The grievance records in this case show that Plaintiff filed only one informal or formal grievance about his medical care at Okaloosa C.I.— informal log #115-2211-0284. (Doc. 24-2; Doc. 24-4; Doc. 31-1). That grievance did not concern Defendant Hattaway's alleged failure to provide medical treatment on April 19, 2022; instead, it concerned Plaintiff's failure to receive a certain medication for two days in November of 2022. (Doc. 31-1).[4]

---

[4] The grievance records show that nearly one year *after* Plaintiff's encounter with Defendant Hattaway, he was transferred to Jackson Correctional Institution. (Doc. 24-2; Doc. 24-4). There, he filed one formal medical grievance (log #2305-104-122) and one informal medical grievance (log #104-2304-0131). (Doc. 24-2 at 2; Doc. 24-4 at 14). The formal grievance related to issues with medical treatment at Jackson C.I., not Okaloosa C.I. where Defendant Hattaway worked. (Doc. 24-4 at 14-16). The informal grievance was returned as procedurally non-complaint, because Plaintiff placed it somewhere other than the grievance box and filed it outside the proper time frame. (Doc. 24-2 at 2).

Moreover, the grievance records show that that Plaintiff did not file any Central Office appeals concerning medical issues before he commenced this civil rights lawsuit on May 31, 2023. (Doc. 24-8; Doc. 31-2). All of his Central Office appeals concerning medical issue were filed after he filed this case. (Doc. 31-2).

Applying step one of the *Turner* framework, the undisputed facts demonstrate that Plaintiff failed to exhaust his administrative remedies prior to filing his § 1983 complaint against Defendant Hattaway. For that reason, dismissal is warranted under 42 U.S.C. § 1997e(a). *See Whatley*, 802 F.3d at 1209 (explaining that if the facts show a failure to exhaust at step one, then the case should be dismissed).

---

The grievance records do not indicate the subject of that informal grievance, but even if it concerned Defendant Hattaway's treatment on April 19, 2022, it was filed well outside the twenty-day window, *see* Fla. Admin. Code r. 33-103.011(1)(a). That grievance thus could not serve to satisfy the exhaustion requirement. *Johnson v. Meadows*, 418 F.3d 1152, 1154 (11th Cir. 2005) (explaining that "an untimely administrative grievance does not satisfy the exhaustion requirement of the PLRA.").

7

### III.  Conclusion

Because Plaintiff failed to satisfy the PLRA's exhaustion requirement, it is respectfully **RECOMMENDED** that:

1. The motion to dismiss filed by Defendant Hattaway (Doc. 31) be **GRANTED**.

2. Plaintiff's claims against Defendant Hattaway be **DISMISSED without prejudice** for failure to exhaust administrative remedies under 42 U.S.C. 1997e(a).

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 22nd day of August 2024.

*/s/ Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on

unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.